# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**DORA L. BONNER**,
    Plaintiff,

    v.

**TRIPLE-S MANAGEMENT CORPORATION** and **TRIPLE-S VIDA, INC.**,
    Defendants.

Civil No. 19-1228 (BJM)

## <u>ORDER</u>

Before the Court is a motion made by Plaintiff Dora L. Bonner ("Bonner") to compel responses to interrogatories and production of documents from Triple-S Management Corporation ("TSM") and TSM's subsidiary, Triple-S Vida, Inc. ("TSV") (collectively "Defendants"). Docket No. ("Dkt.") 51. Bonner maintains that Defendants' initial responses to her discovery requests were inadequate. *Id*. Defendants opposed the motion. Dkt. 52. This matter was referred to me for decision on all further proceedings, including entry of judgment. Dkt. 44.

For the reasons set forth below, Bonner's motion to compel is **DENIED** with prejudice, except that parties are instructed to exhaust efforts to resolve the dispute on interrogatories 1, 2, and 3 and requests for production of documents ("RFP") 1 and 11 within ten days of the date of this order.

## DISCUSSION[1]

Bonner alleges that Defendants have defrauded her of thousands of dollars and has filed suit against Defendants for RICO violations, fraud, breach of contract, and breach of fiduciary duty. Dkt. 51 at 1. Defendants deny these allegations, stating that they were never in contact with Bonner before these actions were filed and alleging that Bonner was actually the victim of a scam

---

[1] Dkt. 23 includes a synopsis of the facts of this case.

in which the scammers claimed to be Defendants' employees.[2] Dkt. 52 at 2. Bonner originally brought these claims in a suit against TSM before the United States District Court for the Southern District of Texas, but the court dismissed the case for lack of personal jurisdiction.[3] *Id.* Prior to dismissing the case, in an evidentiary hearing the court found that "Bonner was not in contact with the actual [d]efendant in this case." *Bonner v. Triple-S Mgmt. Corp.*, 181 F. Supp. 3d 371, 375 (S.D. Tex.), aff'd, 661 F. App'x 820 (5th Cir. 2016).

Discovery may encompass "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). However, the Federal Rules of Civil Procedure limit discovery's scope, requiring discovery to be "proportional to the needs to the case, considering the importance of the issues at stake in the action, . . . the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "When the discoverability of information becomes the subject of dispute, the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Javo Beverage Co. v. California Extraction Ventures, Inc.*, No. 19-CV-1859-CAB-WVG, 2020 WL 2062146, at *7 (S.D. Cal. Apr. 29, 2020). "The scope of discovery is broad, and to be discoverable, information need only appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 716 n.5 (1st Cir. 1998)) (some quotation marks omitted). However, "[t]rial courts enjoy a broad measure of

---

[2] As stated by the Fifth Circuit in a prior proceeding between Bonner and Defendants regarding similar allegations, "Bonner . . . was the victim of a 4-1-9 scam, where scammers, posing as agents of a known entity, offer the victim a large sum of money in exchange for a smaller transaction fee." *Bonner v. Triple-S Mgmt. Corp.*, 661 F. App'x 820, 821 n. 2 (5th Cir. 2016).

[3] Bonner originally filed in the District Court for the 149th Judicial District of Brazoria County, Texas, but TSM removed the case to the United States District Court for the Southern District of Texas under diversity jurisdiction. Dkt. 52 at 2, 10.

discretion in managing pretrial affairs, including the conduct of discovery." *Mack v. Great Atl. & Pac. Tea Co*., 871 F.2d 179, 186 (1st Cir. 1989).

### (a) Interrogatory 4 and Requests for Production 2, 3, 6, 7, and 9

In order to resist production of discovery, a party must "show specifically how each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Aponte–Navedo v. Nalco Chemical Co*., 268 F.R.D. 31, 36–38 (D.P.R.2010) (quoting *Sánchez–Medina v. UNICCO Serv. Co*., 265 F.R.D. 24, 27 (D.P.R.2009)). The authenticity of a discovery request may be in doubt if the moving party merely requests broad categories of information. *See, e.g.*, *Commonwealth of Puerto Rico v. United States*, 490 F.3d 50, 66 (1st Cir. 2007). "Open ended reviews of corporate records are not allowed." *Aponte–Navedo*, 268 F.R.D. at 37 (citing *Briddell v. Saint Gobain Abrasives Inc*., 233 F.R.D. 57, 60 (D.Mass.2005)). Furthermore, a plaintiff is not permitted "to 'go fishing' and [the] trial court retains discretion to determine that a discovery request is too broad and oppressive." *Del Carmen Taboas v. Fiddler, Gonzalez & Rodriguez, PSC*, 2014 WL 12889572, at *3 (D.P.R. Apr. 2, 2014) (quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)).

Bonner moves to compel Defendants to produce all call logs, call records, and other evidence of communication (RFP 2) and all email and text-based chats (RFP 3) between Defendants and their subsidiaries in Costa Rica between March 1 and December 31, 2015. Dkt. 51 at 7-8. Similarly, RFP 7 requests any call records between Defendants and the Federal Bureau of Investigation, United States Department of Homeland Security, United States Department of the Treasury, and the Nicaraguan government for the same period. *Id*. at 11. These requests are broad and sweeping in nature; Bonner requests all communications in all forms without tailoring her request as to content or to the specific parties in the communication.

Interrogatory 4 and RFP 6 also contain broad and sweeping requests. In Interrogatory 4, Bonner requests the identification of all escrow accounts in the name of TSM, TSV, or subsidiary company Atlantic Southern Insurance ("ASI") that were in existence between March 1 and December 31, 2015. Dkt. 51 at 4. Similarly, RFP 6 requests all wire and AHC transfers from TSM, TSV, or ASI accounts to any United States, Costa Rica, or United States Treasury accounts within the same period. *Id*. at 10. Bonner cannot 'go fishing' for information by making overly broad and sweeping requests such as those in interrogatory 4 or in RFPs 2, 3, 6 and 7 and expect to receive discovery. *See Del Carmen*, at 3.

Furthermore, "the Court cannot compel what does not exist." *Updatecom, Inc. v. FirstBank Puerto Rico, Inc*., 2012 WL 12996276, at *4 (D.P.R. Sept. 27, 2012). Defendants certify that they have investigated whether TSM or their subsidiaries participated in any communications pertaining to Bonner or to her allegations and that no such communications exist. Dkt. 52 at 15-17, 22. Defendants have also offered a sworn statement under which they aver that no communications akin to those described in RFPs 2 and 3 exist relating to Bonner or to her allegations. *Id*. at 15-16. To further support this claim, certain of Defendants' employees signed affidavits in the Texas district court proceedings in which they denied ever having any contact with Bonner. *Id.* at 2. Defendants' avowal that the communications, accounts, and transfers that Bonner requests do not exist underscores the already overbroad nature of these requests.

Lastly, Bonner's RFP 9 requests "a complete file of the purchase or acquisition of ASI . . . by [TSV] and/or [TSM], including, but not limited to, due diligence and closing documents." Dkt. 51 at 13. Bonner argues that RFP 9 is relevant because her claim "is based on certificates which were part of the purchase of [ASI]." *Id*. Bonner's claims do involve certificates that were allegedly recorded during the purchase and acquisition of ASI by TSV and TSM. *See* Dkt. 51 at 13, Dkt. 17

at 5-18. However, Bonner's request makes no effort to tailor discovery to those certificates and other pertinent information; instead, her request comprises a host of documents, including a large swath of confidential information regarding many of Defendants' and ASI's investors, employees, and clients. Therefore, Bonner's request for the entire file of purchase and acquisition documents is overly broad. Bonner again appears to be "fishing" for evidence or information even beyond the scope of what she has claimed may exist.

Additionally, when a party is seeking confidential information from the opposition, it "must make a . . . showing that [their] 'claim of need and relevance is not frivolous.'" *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.,* 249 F.R.D. 8, 12 (D. Mass. 2008) (quoting *Cusumano v. Microsoft Corp*., 162 F.3d 708, 716 (1st Cir. 1998)). The court will then balance the movant's need and the desire for free-flowing information against the objector's confidentiality interests, *Bruno & Stillman, Inc. v. Globe Newspaper Co*., 633 F.2d 583, 597–98 (1st Cir. 1980), and the proportionality of the request. *Victor Stanley, Inc. v. Creative Pipe, Inc*., 269 F.R.D. 497, 523 (D. Md. 2010). Any claim Bonner makes as to need for and relevance of most of the "complete files" she asks for is arguably frivolous and is disproportional to the burden of providing the material in discovery. Additionally, much of the information in the file would without a doubt be highly confidential. Even though there may be discoverable material contained in the alleged certificates within RFP 9, Bonner's request for the entire file is overly broad and disproportionate to the burden of providing her with the entire file and granting her access to confidential investor, employee, and client information.

Given Defendant's certification that pertinent communications and exchanges do not exist, the affidavits from Defendants' employees, and the overly broad nature of Bonner's request, the motion to compel as to Interrogatory 4 and RFPs 2, 3, 6 7, and 9 is DENIED.

### (b) Requests for Production 4 and 10

Under RFP 4 and RFP 10, Bonner moves to compel discovery of all human resource files for each of Defendants' and ASI's employees as well as any financial record of employees' earnings and tax payments. Dkt. 51 at 8, 14. During the Texas district court proceedings, Bonner referenced seven individuals who were supposedly part of the scam against her that she alleged were employees of Defendants, but only one of these individuals, Ramon Ruiz ("Ruiz"), is on record as ever being employed by TSM or TSM's subsidiaries. Dkt. 52 at 17-18. At the Texas district court proceedings, Ruiz made a sworn statement in which he stated that he has "never met or spoken, either by telephone or in person, with anyone named Dora Bonner." *Id*. Dkt. 52 Ex. C, at 1. Bonner now requests to see *all* of the employee files and financial information for TSM, TSV, and ASI even though she has cited a limited set of specific individuals as participating in the scam against her, and there is no evidence that any of those individuals except for one worked at those companies; furthermore, the individual exception has sworn under oath that he has never had any contact with her. *Id*.; Dkt. 51 at 8, 14. Bonner's request is also overly broad and sweeping (see above analysis regarding interrogatory 4 and RFPs 2, 3, 6, 7, and 9).

Moreover, Defendants rightfully allege that sharing the files in question would lead to an undue invasion of the privacy of third parties. Dkt. 52 at 24. "Courts have considered the privacy interests of non-party employees when deciding whether to order discovery of their personnel files." *Diaz-Garcia v. Surillo-Ruiz*, 45 F. Supp. 3d 163, 168 (D.P.R. 2014) (referencing *Whittingham v. Amherst Coll.*, 164 F.R.D. 124, 127–28 (D.Mass.1995); *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir.1994); *Barella v. Vill. of Freeport*, 296 F.R.D. 102, 106 (E.D.N.Y.2013); *Glenn v. Williams*, 209 F.R.D. 279, 282 (D.D.C.2002); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D.Pa.1994)). Generally, courts favor "the nondisclosure of income tax returns" on public policy

and privacy grounds when the request is not material nor relevant to the claims. *In re Sunrise Sec. Litig.*, 130 F.R.D. 560, 578 (E.D. Pa. 1989) (quoting *DeMasi v. Weiss*, 669 F.2d 114, 119 (3d Cir.1982)). Additionally, employee personnel files are generally only discoverable "when the personnel file sought is that of an employee directly involved with the incident that gave rise to the action." *Vazquez-Fernandez v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 159 (D.P.R. 2010).

Given the broad and burdensome nature of Bonner's request, as well as the privacy interests of the thousands of employees who do not figure in Bonner's allegations, the motion to compel as to RFPs 4 and 10 is DENIED.

### (c) Requests for Production 5 and 8

RFPs 5 and 8 from Bonner's motion involve requests for sweeping categories of Defendants' financial records from March 1 to December 31 of 2015, including any investments that Defendants made on behalf of individual clients and any documents related to penalties and fines that were imposed by any government entity on Defendants or ASI. Dkt. 51 at 9, 12. Defendants argue that these records are irrelevant because they include no financial information that pertains to Bonner or her allegations. Dkt. 52 at 19-20, 22-23. For discovery requests to be "relevant to the subject matter involved in the pending action" the information sought must meet the standard that it "bears on, or . . . reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party seeking discovery has the burden of establishing that their request satisfies the relevancy requirement in Rule 26(b). *Javo Bev.*, at \*26 (2020). Defendants have certified that neither they nor ASI invest assets on behalf of individuals in the range of the sums involved in this case (four to eight million dollars). *Id.* at 19, Ex. B, at 7. Bonner has not challenged this claim. Therefore, information related to investments that Defendants have made on behalf of individual clients

would not reasonably lead to matters that bear on this case absent any implication that Defendants'

claim is false.

Furthermore, Defendants have already responded to RFP 8 by affirming that no penalties,

fines, or violations of law exist and therefore cannot be produced. Dkt. 52 at 23; *see Updatecom,*

*Inc.*, 2012 WL 12996276, at *4 (holding that "the Court cannot compel what does not exist").

Given that Bonner has failed to offer anything to challenge Defendants' avowal that her

requests lack relevance to her claims or the previous attestations from Defendants that part or all

of the information in question does not exist, Bonner's motion to compel as to RFPs 5 and 8 is

DENIED.

### (d) Meet and confer requirement under Local Rule 26(b)

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) require that, before filing a

motion to compel, the moving party must certify that it "has made a reasonable and good-faith

effort to [try and solve the discovery dispute] with opposing counsel" without the court's

intervention. Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); *see* Fed.R.Civ.P.

37(a)(1); *Brenford Envtl. Sys. L.P. v. Pipeliners of P.R.*, 269 F.R.D. 143, 147 (D.P.R. 2010). "An

attempt to confer will not suffice." Local Rule 26(b); *Vázquez–Fernández v. Cambridge Coll., Inc.*,

269 F.R.D. 150, 163 (D.P.R. 2010). Local Rule 26(b) makes it clear that unresolved discovery

disputes are to be presented to the court only "[a]fter efforts to resolve the dispute have been

exhausted." Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b). Moreover,

> The purpose of good faith conferral is to enable the parties to narrow, if not resolve, their
> dispute, and thereby obviate the need to file wide-ranging motions to compel. . . . It is not
> up to the Court to expend its own energies when the parties have not sufficiently expended
> their own. The costs of litigation are too high and there are too many demands on the
> Court's time to adjudicate needless motions to compel that might not have been filed if
> counsel put forth a good faith effort.

*A.J. Amer Agency, Inc. v. Astonish Results, LLC*, No. CA 12-351S, 2013 WL 9663951, at *2–3 (D.R.I. Feb. 25, 2013) (citations omitted). "[Plaintiffs'] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the [motion] to compel." *Velazquez-Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (citation and internal quotation marks omitted).

On February 18, 2021, Bonner served the Defendants with her first set of interrogatories and RFPs, including a definitions section spelling out the exact information that she requested. Dkt. 51 at 1, Ex. 1. Defendants responded with their objections to Bonner's requests on April 20, 2021. Dkt. 51 at 2. On June 4, 2021, Bonner and Defendants held a conference in compliance with the meet and confer requirement set forth in Local Rule 26(b) to discuss Bonner's standing discovery requests. Dkt. 52 at 3. At the conference, Defendants allege that they explained to Bonner that they had no documents relevant to her claim in their possession; Defendants also confirmed this under oath in the Texas district court proceedings. *Id*. The day after the conference, Defendants allegedly informed Bonner they could not offer her any alternate form of production of the documents and information that she requested. Dkt. 51 at 2.

Defendants now allege that at the conference and subsequently, Bonner never raised any of the concerns that she raises here regarding Defendants' answers to several of her interrogatories and RFPs before she filed her motion to compel. Dkt. 52 at 5, 6, 8, 14, 25. According to Defendants' letter in opposition to Bonner's motion to compel, Bonner did not address her wish to be provided with the additional information that Bonner now requests in Interrogatories 1, 2, and 3 and RFPs 1 and 11. *Id*. Because the parties have not yet exhausted all options in attempting to reach an agreement and resolve the discovery dispute outside of court, Bonner's motion to compel as to Interrogatories 1, 2, and 3 and RFPs 1 and 11 is DENIED without prejudice. The

parties are to meet and confer in good faith within the next ten days in order to attempt to resolve their dispute over Interrogatories 1, 2, and 3 and RFPs 1 and 11.

## CONCLUSION

For the foregoing reasons, the motion to compel in regard to Interrogatory 4 and RFPs 2 through 10 is **DENIED** with prejudice. The motion as to interrogatories 1, 2, and 3 as well as RFPs 1 and 11 is **DENIED** without prejudice. The parties are to meet and confer in good faith within the next ten days to attempt to resolve their dispute over interrogatories 1, 2, and 3 and RFPs 1 and 11.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of September, 2021.

S/ *Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge